IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DENNIS L. JACKSON,**

    **Plaintiff,**

    **v.**                                                                                                **CASE NO. 18-3149-SAC**

**MARTIN SAUERS, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action under 42 U.S.C. § 1983, alleging a denial of access to the courts and retaliation. On December 18, 2018, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 8) ("MOSC"), granting Plaintiff until January 18, 2019, to either show good cause why his Complaint should not be dismissed or to file a proper amended complaint. The Court's MOSC was mailed to Plaintiff at his current address of record and was returned as undeliverable, with a notation that Plaintiff was no longer at the facility. (Doc. 9.) The Court's Local Rules provide that "[e]ach attorney or pro se party must notify the clerk in writing of any change of address or telephone number. Any notice mailed to the last address of record of an attorney or pro se party is sufficient notice." D. Kan. Rule 5.1(c)(3). Plaintiff has failed to provide the Court with a Notice of Change of Address.

The Court found in the MOSC that Plaintiff's claim of denial of access to the courts was subject to dismissal for failure to allege an actual injury. *See Proch v. Baker*, Case No. 14-3021-CM, 2017 WL 2793922, at *7 (D. Kan. June 28, 2017) (citing *Lewis v. Casey*, 518 U.S. 343, 349 (1996) (violations of the constitutional right of access to the courts require a showing of injury due to the deprivation); *Sterling v. Edwards*, 881 F. Supp. 488, 490 (D. Kan. 1995) (there must be

1

prejudice)). Although it is well-established that a prison inmate has a constitutional right of access to the courts, it is equally well-settled that in order "[t]o present a viable claim for denial of access to courts, . . . an inmate must allege and prove prejudice arising from the defendants' actions." *Peterson v. Shanks,* 149 F.3d 1140, 1145 (10th Cir. 1998) (citations omitted); *Lewis v. Casey*, 518 U.S. 343, 349 (1996) ("The requirement that an inmate . . . show actual injury derives ultimately from the doctrine of standing.").

The Court also found in the MOSC that Plaintiff failed to allege how either of the named Defendants personally participated in the deprivation of his constitutional rights. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997).

The Court also found that although Plaintiff claims retaliation in Count II, none of the staff mentioned in that count are named as defendants. Furthermore, Plaintiff fails to state a claim of retaliation. An "inmate claiming retaliation must allege *specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights." *Fogle v. Pierson*, 435 F.3d 1252, 1264 (10th Cir. 2006) (quotations and citations omitted). Thus, for this type of claim, "it is imperative that plaintiff's pleading be factual and not conclusory. Mere allegations of constitutional retaliation will not suffice." *Frazier v. Dubois*, 922 F.2d 560, 562 n. 1 (10th Cir. 1990). "To prevail, a prisoner must show that the challenged actions would not have occurred 'but for' a retaliatory motive." *Baughman v. Saffle*, 24 F. App'x 845, 848 (10th Cir. 2001) (citing *Smith v. Maschner*, 899 F.2d 940, 949–50 (10th Cir. 1990); *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998)). Plaintiff fails to allege adequate facts in support of his retaliation claim and fails to

allege which defendants retaliated. His allegations regarding retaliation are generally conclusory, lacking facts to demonstrate any improper retaliatory motive.

The Court also found that because Plaintiff is no longer incarcerated at Norton Correctional Facility, his requests for injunctive relief are moot. In addition, Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury. Plaintiff presents no plausible basis for a claim of punitive damages because he alleges no facts whatsoever establishing that any defendant acted with a sufficiently culpable state of mind.

Plaintiff has failed to respond to the MOSC within the prescribed time. The Court finds that this action should be dismissed for all the reasons set forth in the MOSC.

**IT IS THEREFORE ORDERED THAT** this matter is dismissed for failure to state a claim.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 22nd day of January, 2019.**

<u>**s/ Sam A. Crow**</u>
**Sam A. Crow**
**U.S. Senior District Judge**